UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY W. DEAN, *et al.*,

                   Plaintiffs,

          v.

KARMA POWER, LLC,

                   Defendant.

Case No. C26-691-RSM

ORDER DENYING PLAINTIFFS'
EMERGENCY MOTION FOR
TEMPORARY RESTRAINING
ORDER

## I.     INTRODUCTION

This matter comes before the Court on Plaintiffs Henry W. Dean and Ginger Atherton (collectively, "Plaintiffs")'s Emergency Motion for Temporary Restraining Order ("TRO"). Dkt. #16. Defendant Karma Power, LLC opposes. Dkt. #20. The Court finds oral argument unnecessary and, for the following reasons, DENIES Plaintiffs' Motion.

## II.     BACKGROUND

The instant TRO motion stems from an underlying 2010 Idaho State court judgment for $86,210.13 due to Plaintiff Dean's failure to pay Clearwater Landscaping Co., Inc. for work done on his home ("Clearwater Judgment"). Dkts. #16 at 2, #1 at ¶¶ 19-51. Though the original Clearwater Judgment allowed for attorney's fees and costs and the subsequent 2015 renewal order "renewed [the Clearwater Judgment] in its entirety," Plaintiffs allege that the 2015

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER - 1

Renewed Judgment "removed the ostensible preservation of both parties' right to argue entitlement to an attorney's fee award." Dkt. #16 at 3-4. The Clearwater Judgment was again renewed in 2020 and 2025. *Id*. at 4-5.

On or about July 24, 2017, the Clearwater Judgment was assigned to Defendant, and Plaintiff alleges that no right to collect attorney fees was assigned. *Id*. at 4. On September 23, 2025, Defendant domesticated the Clearwater Judgment in King County, Washington. *Id*. at 5. Defendant provided copies of the 2010 Clearwater Judgment and subsequent 2015, 2020, and 2025 renewal orders to the Washington State court but "made no mention of the 2015 Renewed Judgment." *Id*.

Plaintiffs initiated this case on February 26, 2026. Dkt. #1. Plaintiffs allege that Defendants have violated the Fair Debt Collections Practices Act and the Washington Collection Agency Act "because it has used and continues to use 'unfair or unconscionable means' to *attempt* to collect amounts Plaintiffs do not owe." Dkt. #16 at 8 (emphasis in original). On April 27, 2026, Defendant filed a Motion to Dismiss, noted for Mary 26, 2026. Dkt. #12.

On April 28, 2026, Defendant requested a discovery stay, which Plaintiffs agreed to if Defendant would stay any enforcement activities, but Defendant refused. *Id*. at 6. The parties met and conferred that day, and Defendant filed a Motion to Stay Discovery pending its Motion to Dismiss on May 4, 2026. *Id*.; Dkt. #14. On April 30, 2026, Defendant emailed Plaintiffs a praecipe for writ of execution. *Id*. Plaintiffs then notified Defendant of their intent to file the instant Motion and requested that Defendant reschedule the impending sheriff's personal service and levy until this Motion could be heard. *Id*. Defendant refused, and Plaintiffs filed the instant TRO Motion on May 4, 2026. *Id*. That same evening, the Court entered a Provisional Order to maintain the status quo, provisionally granting Plaintiffs' Motion until Defendant could respond

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER - 2

and the Motion could be considered on the merits after full briefing.  Dkt. #18.  Defendant filed its Response on May 5, 2026.  Dkt. #20.

### III.    DISCUSSION

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."  LCR 65(b)(1).  "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction.  *See New Motor Vehicle Bd. of Cal. V. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

The Anti-Injunction Act provides that this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

Plaintiffs argue that the Anti-Injunction Act does not apply because they seek "to enjoin

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 3

Defendant, not the state court, from pursuing debt collection actions under the Clearwater Judgment." Dkt. #16 at 15. Defendant contends that this assertion is "simply wrong." Dkt. #20 at 3. The Court agrees with Defendant. Plaintiffs request that the Court enjoin Defendant from further collection efforts on the Clearwater Judgment, which effectively asks this Court to enjoin further enforcement of the underlying state court order. Plaintiffs' attempt to pull apart the underlying state court order is unconvincing and has been rejected by this Court before. *See McNae v. King Cnty. Sheriff's Office*, No. 2:25-cv-2710-JNW, 2026 WL 44827, at *2 (W.D. Wash. Jan. 7, 2026); *McNae v. ARAG Ins. Co.*, No. 2:25-cv-00211-TL, 2025 WL 2402098, at *2 (W.D. Wash. Aug. 19, 2025).

Even if the requested injunctive relief was available, the Court finds that Plaintiffs have not met the standard for a TRO. The primary reason for filing a TRO motion, as opposed to obtaining relief in the normal course of litigation, is irreparable harm. In one sentence, Plaintiffs argue that Defendant's collection actions "will cause more than just economic damages; it will be emotionally harmful, and cause daily hardship" that represent irreparable harm. Dkt. #16 at 16. The Court finds that Plaintiffs' alleged harms are insufficient to show irreparable harm. *See McNae v. King Cnty. Sheriff's Office*, 2026 WL 44827, at *2 (finding no irreparable harm where plaintiffs did not show "that they lack an adequate remedy in state court" and that they "may pursue federal civil rights claims . . . regardless of whether the sheriff's sale proceeds"); *Ma v. Stripe Inc.*, No. C25-0864-KKE, 2025 WL 2052634, at *1 (W.D. Wash. July 22, 2025) ("Standing alone, the vague allegation of emotional distress is insufficient to demonstrate irreparable harm such that the extreme remedy of a TRO or preliminary injunction is appropriate."). Furthermore, the Court agrees with Defendant that "Plaintiffs have long been on notice that a sheriff may come," Dkt. #20 at 7, and "[a]ny 'emergency' here is purely of Plaintiffs'

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 4

making, weighing against the issuance of a TRO." *McNae v. ARAG Ins. Co.*, 2025 WL 2402098, at *4. Because Plaintiffs have failed to show irreparable harm, the Court need not examine the other *Winters* factors to find that this Motion should be denied.

### IV.   CONCLUSION

Having considered the instant Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Emergency Motion for Temporary Restraining Order, Dkt. #16, is DENIED. The Provisional Order on Plaintiff's Motion for Temporary Restraining Order, Dkt. #18, is LIFTED.

DATED this 12th day of May, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 5