THE HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY W. DEAN, individually, and his spouse GINGER ATHERTON, individually, and both as members of their marital community,

     Plaintiffs,

     v.

KARMA POWER, LLC, a Washington limited liability company and a licensed Washington collection agency.

     Defendant.

NO. 2:26-cv-00691-RSM

PLAINTIFFS' MOTION TO COMPEL DISCOVERY

NOTE ON MOTION CALENDAR:
June 12, 2026

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), Henry W. Dean and Ginger Atherton (collectively, "Plaintiffs"), by and through undersigned counsel, bring this motion to compel discovery from Defendant Karma Power, LLC ("Defendant"). Although objections were timely made, Defendant has failed to provide answers to *any* of Plaintiffs' discovery requests made pursuant to Fed. R. Civ. P. 33 and 34. Defendant has a pending motion to stay discovery, but by failing to provide answers as required under the Federal Rules, has effectively stayed its own discovery responses without waiting for an order from this Court.

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 1
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

## II.    BACKGROUND

### A.    Defendant identified relevant documents in its March 24th Initial Disclosures

On March 24, 2026, Defendant's counsel emailed its Fed R. Civ. Proc. 26(a)(1) initial disclosures to Plaintiffs' Counsel. *See **Exhibit A** to Declaration of Dennis McGlothin, filed herewith.* In Defendant's initial disclosures, it disclosed individuals who were likely to have discoverable information, as well as identified "documents, electronically stored information ("ESI"), and tangible things *to support its claims"* [emphasis added]. *See Exhibit A, pg. 5.* Defendant cited the following documents which included but are not limited to, operating documents and corporate formation documents for Karma Power, *Exhibit A, pg. 5, para 1*; documents and communications related to Karma Power's licensing and compliance materials, *pg. 5, para 2*; and other related documents *see pg-5-6, Exhibit A.* In Defendant's May 11 response and objections to discovery, Defendant objected to Request for Production No. 1, which was to produce the documents it had previously identified in its initial disclosures, as follows:

> Defendant objects to this Request as "vague, ambiguous, overboard, and unduly burdensome to the extent it seeks "all documents", without limitation to scope, and a limited-time period. Defendant objects to the extent the Request seeks documents not within its possession, custody, or control, or which is more readily obtainable from another source…

### B.    Discovery was squarely addressed in the parties' Joint Status Report.

The parties filed their Joint Status Report (JSR) on April 1, 2026. Dkt. No. 10. The JSR stated Defendant's position, "Defendant will move to dismiss and… discovery in this action should be stayed pending resolution of the motion to dismiss." Dkt. No. 10 at 7. Plaintiff stated in response, "Plaintiff does not agree to Defendant's proposal. Absent a motion and order stating otherwise, intends to proceed in accordance with the applicable Federal Rules of Civil Procedure and Local Civil Rules." *Id*.

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 2
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

**C.       Plaintiffs propounded their discovery requests on April 10, and Defendant moved to stay discovery on May 4, just one week before the discovery answers were due.**

On April 10, 2026, Plaintiffs propounded discovery on Defendant; answers and responses were due May 11, 2026. *See Ex. A to McGlothin Decl, Dkt No. 25-1.* On May 4, 2026, 24 days after Plaintiffs propounded discovery requests upon Defendant, Defendant filed a motion to stay discovery, noting a hearing date of May 18, 2026. *Dkt. No. 14.* On May 11, 7 days after moving to stay discovery and prior to any ruling from the Court, Defendant objected to all discovery requests propounded by Plaintiffs, answered no interrogatories, and produced no documents. *See Ex. B to McGlothin Decl, Dkt No. 25-2.* When Plaintiffs propounded discovery upon Defendant, Plaintiffs explicitly limited its information request from January 1, 2017, to present. *See Ex. A to McGlothin Decl, p. 4.* Defendant objected to discovery on several grounds, being "vague, ambitious and overboard," or "protected by the attorney-client privilege and/or work product doctrine". *See generally, Dkt No. 25-2.* Defendant provided no privilege log. Defendant also objected to specific interrogatories on the basis that "it seeks information that is equally available to Plaintiffs or that it is more readily obtainable from another source", *See Dkt No. 25-2, Interrogatory No. 9,* that an interrogatory is "untethered to the causes of action in the Complaint and calculated to harass rather than to elicit information relevant to any claim or defense in this action", *See Dkt No. 25-2, Interrogatory No. 2-7, 9.* Notwithstanding Plaintiffs' established time period for requests, Defendants also objected on grounds of vague, ambiguous, overbroad, and unduly burdensome, stating our requests, in-part, were "without limitation to scope and a limited-time period." *See Ex. B, generally.* In Plaintiffs' Request for Production No. 17, Plaintiffs requested in-part, "All documents disclosing a conversation related to the Judgment Debt *other than  attorney-client privileged* [emphasis added] communications solely between an attorney representing Karma (or the attorney's staff) and Karma," to which Defendant objected partially based on attorney-client privilege, work product, and/or another applicable privilege. Defendant also objected to the extent that Request for Production No. 17 seeks a "privilege log."

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 3
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

## III.    ARGUMENT AND AUTHORITY

### A. Defendant's Objections to Discovery are Improper

Defendant's objections to Plaintiffs' discovery requests are improper for the following reasons: (1) Defendant's responses are consistently and almost entirely boilerplate objections; (2) Defendant unilaterally imposed its own stay on discovery without waiting for a ruling from this Court; and (3) multiple of Defendant's responses were made in bad faith.

### 1.    Defendant's Response are Consistently and Almost Entirely Boilerplate Objections

Defendant's responses are precisely the boilerplate objections that federal courts have condemned. Throughout all eleven Interrogatories and thirty-three Requests for Production, Defendant answered with nearly identical cut-and-paste objections: that each request is "vague, ambiguous, overbroad, and unduly burdensome," that each seeks information "not within [Defendant's] possession, custody, or control, or which is more readily obtainable from another source," that each is "untethered to the causes of action in the complaint and calculated to harass rather than to elicit information relevant to any claim or defense," and that each "seeks documents subject to attorney-client privilege, work product and/or another applicable privilege" without providing a privilege log. *See generally, Dkt No. 25-2.*

Boilerplate objections are improper; interrogatory objections are required to be stated with specificity. Fed. R. Civ. P. 33(b)(4); *Core Health & Fitness, LLC v. Transmedik Specialized Inc.*, 8:24-CV-02481-AB (JDE) 2025 WL 3691958, at *2 (C.D. Cal. Nov. 24, 2025). Responses must state "that inspection and related activities will be permitted as requested" and identify the specific grounds for objection with the reasons stated. Fed. R. Civ. P. 33(b)(2)(B). Throughout the Ninth Circuit, and even in this district, have repeatedly held that boilerplate objections are improper-even more so if the party does not provide evidentiary declarations to support the objections. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 4
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

Defendant further objected that each request is "untethered to the causes of the action in the Complaint and calculated to harass rather than to elicit information relevant to any claim or defense in this action." This statement appeared 24 times, at its core a relevancy objection cut-and-pasted with the Defendant's other boilerplate objections. Discovery is broad, and boilerplate objections are not sufficient. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Even if some requests for production are irrelevant, a party must have a valid objection to each one to escape the production requirement. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir.1982). The court in Josephs held that the "party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Id*. at 992 (internal quotation marks omitted).

Objection to production requests and interrogatories by stating that the discovery requests were unnecessary, too long, too broad, require too much time, are expensive to complete, are irrelevant, are improperly timed, and entail unreasonable geographic compliance is merely conclusory and not sufficiently specific to allow a court to issue a protective order. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985). Fed. R. Civ. P. 26(b) allows discovery of any nonprivileged information if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id*.

Defendant applied identical language throughout its responses. Defendant was liberal with its "untethered," "vague," "ambiguous," "overbroad," and "unduly burdensome" objections, but failed to articulate any actual burden. Defendant's answers and responses did not define the burden: is it cost, time, staffing, or what? The endless boilerplate objections demonstrate that the Defendant did not object in good faith or with the attention and duty required, but instead applied generic language to avoid compliance. This Court should overrule all boilerplate objections and compel Defendant to provide complete and substantive responses.

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 5
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

2.      **Defendant Cannot Impose a Unilateral Stay on Discovery.**

Defendant's Preliminary Statement and individual responses state that it "preserves all rights and objections pending resolution of its Motion to Stay Discovery" and "reserves the right to respond, amend, and supplement, as appropriate, following resolution of the pending discovery motion." This response is copied and pasted 39 times. Defendant is treating the pending motion as if this Court already granted it a stay—which it has not.

Filing a motion to stay discovery does not by itself stay discovery. Courts in this circuit hold that a party cannot unilaterally withhold discovery responses based on a pending motion to stay discovery. *Core Health and Fitness LLC v. Transmedik Specialized Inc.*, 2025 WL 3691958 (W.D. Wash. 2025) (defendant could not impose a unilateral stay of its discovery obligations by referring to a pending motion to stay that the court had not yet granted).

Defendant's General Objection No. 16 states, "Defendant's Motion to Stay Discovery is pending before the Court. Accordingly, verification for the Interrogatory responses will be provided, along with any required responses, if any, following disposition of the Motion to Stay Discovery and, if such motion is granted, following disposition of the Motion to Dismiss." Pending motions to stay discovery and dismiss do not entitle a party to a self-help discovery stay. "The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a motion to dismiss is pending." *Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018). Unless and until this Court grants a stay, Defendant must comply with its discovery obligations under the Federal Rules. Hiding behind a pending motion to stay is improper and lacks good faith, and this Court should compel Defendant to respond fully and immediately.

Finally, the April 1, 2026, status report is clear that, despite Defendant's stated intent to stay discovery pending a ruling on a motion to dismiss, Plaintiff said it would proceed under the applicable rules unless and until the Court ordered otherwise. Plaintiffs propounded discovery on Defendants just nine days later. Defendants then waited another 24 days, more than three weeks,

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 6
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

before filing their motion seeking to stay discovery. Then, instead of fulfilling their discovery obligations, Defendants unilaterally imposed their own discovery stay under cover of waiting for the Court to rule on their late-to-the-party motion to stay. There was no stay in place before Defendant's discovery responses were due. In the alternative, Defendants could have, but did not, move for a protective order to be issued before any discovery responses were due. This looks like bad faith when a motion to stay discovery was not filed immediately after the JSR or at the latest as soon as the discovery requests were received.

3. **Defendant's Discovery Responses are in Bad Faith.**

Defendant's responses were made in bad faith and lack the required care of discovery obligations.

a) **Defendant Claims Its Own Formation, Ownership, and Management Documents are "More Readily Obtainable From Another Source" (RFP No. 10).**

RFP No. 10 asked Defendant to produce all of Karma's formation documents and any change, alteration, or modification to the ownership or management of Karma since its formation, including minutes of meetings amongst owners or managers, adding or removing or changing its members or owners or their ownership interest, appointing managers, or managing members. Under RCW 25.15.136, an LLC is required to keep these records at its principal office. Despite this, Defendant objected that the request "seeks documents not within its possession, custody, or control, or which is more readily obtainable from another source." Defendant Karma Power, LLC's own formation documents, its meeting minutes, its records of changes to membership and management, and its modification of management, by definition, belong and should be maintained by the Defendant itself. No "other source" should maintain an LLC's internal records more than the LLC itself. This objection is pure evasion of discovery obligations, and this Court should compel Defendant to produce all responsive documents.

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 7
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

**b)      Defendant Wrongly Claims No Time Period Was Specified.**

Plaintiffs' First Set of Written Discovery to Defendant Karma Power, LLC expressly stated in its Definitions and Instructions, "[u]nless otherwise specified herein, the information requested is limited to January 1, 2017–present." Defendant objected to requests as "without limitation... to a limited time-period" 19 times. A party responding to discovery has an obligation to read the requests as served, including the definition and instructions. Defendant's repeated claim that Plaintiffs failed to specify a time-period, when Plaintiffs' Definitions and Instructions expressly stated one, is either a misrepresentation in bad faith or a failure to read the discovery requests in the careful manner required. The objections lack merit, and this Court should compel Defendant to answer.

**c)      RFP No. 17 Expressly Excluded Attorney-Client Privileged Communications, Yet Defendant Objected on That Basis.**

RFP No. 17 was carefully and precisely drafted. Plaintiffs requested:

"[a]ll documents disclosing a conversation related to the Judgment Debt other than attorney-client privileged communications solely between an attorney representing Karma (or the attorney's staff) and Karma. This exception extends to conversations with a third-party, including the third-party's attorneys (and staff), if there is a common interest or joint defense, but a privilege log and answer to Interrogatory No. 11 is required for these conversations and one is not required for conversations solely between Karma and its attorneys."

Despite the explicit exception, Defendant's objection stated that the request, "seeks documents subject to attorney-client privilege, work product and/or another applicable privilege." Defendant cannot legitimately raise attorney-client privilege as an objection to a request that expressly excludes attorney-client privileged communications. It is another example of Defendant's boilerplate objections applied without analysis and is a bad faith invocation of privilege despite Fed. R. Civ. P. 26(g)(1)'s requirement of a good faith argument, and this Court should compel Defendant to answer.

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 8
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

**d)** **Defendant Used the Objection "information that is equally available to Plaintiffs."**

In Interrogatory No. 8, Defendant objected to the Interrogatory because it sought "information that is equally available to Plaintiffs or that is more readily obtainable from another source." This objection has already been rejected by courts. *In National Academy of Recording Arts & Sciences, Inc. V. On Point Events, LP*, the defendant used this objection. The court granted the plaintiff's motion to compel a response for the interrogatory: "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *Nat'l Acad. Of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (quoting *St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000).

Defendant stated in its General Objections, "Defendant objects to each Request to the extent it calls for production of information or identification of information that is publicly available or otherwise readily accessible to Plaintiffs and/or their counsel." (Defendant's General Objections No. 9). Because courts have already found that this objection fails to meet the standard for discovery obligations, this Court should compel Defendant to answer.

**B.** **Defendant's Objections based on Privilege Still Require a Privilege Log**

Despite repeatedly asserting attorney-client privilege and work product privilege throughout their objections, Defendant failed to produce any privilege log. Its failure is not only a clear gesture of Defendant's bad faith, improper objections, and lack of its duty of care; it is fatal to Defendant's privilege objections.

1. **Federal Rules Requires Privilege Logs when Withholding on Privilege Grounds**

Federal Rule of Civil Procedure 26(b)(5)(A) is clear:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 9
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

> documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). This requirement is commonly referred to as a "privilege log." A privilege log deemed proper is required to be "sufficiently detailed" to allow the opposing party to analyze whether the party asserting privilege is justified. *Wilmuth v. Amazon.com Inc.*, 2:23-CV-01774-JNW, 2025 WL 3039344, at \*2 (W.D. Wash. 2025).

Defendant has asserted attorney-client privilege, work product privilege, and made a vague reference to "any other applicable privileges" in response to nearly every Interrogatory and Request. Despite its constant assertion of privilege and Fed. R. Civ. P. 26(b)(5)(A) requiring a privilege log, Defendant has not produced one. No documents have been identified, no dates listed, no authors have been disclosed, and not a single basis for privilege has been specified.

Fed. R. Civ. P. 34(b)(2)(C) states, "[a]n objection **must state** whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request **must specify** the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). This Court should deem Defendant's privilege objections overruled, or alternatively, order Defendant to produce a compliant privilege log within seven days of the Court's order.

2.      **Defendant's Objection to Providing Its Tax Returns is Improper**

When determining whether a party's tax returns should be disclosed, courts apply a two-part test. A court may require a party to produce its tax returns if (1) they are relevant, and (2) a compelling need for the tax returns exists because the information cannot be found elsewhere or is not otherwise available. *Wilmuth v. Amazon.com Inc.*, 2:23-CV-01774-JNW, 2025 WL 3039344, at \*1 (W.D. Wash. 2025). Like its other responses, Defendant objected that a "compelling need" was required and that the request was "untethered" to the Complaint.

It is already established in this Court that Defendant is a licensed Washington collection agency, and these are matters of consumer and judgment debt. As Plaintiff continues to prepare

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 10
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

for trial, it is fitting to understand who Defendant claims to be. Information such as how much money Defendant receives from collecting judgments would be known only by the Defendant, and it would be unjustly burdensome if not impossible for any other party to obtain the information in Defendant's tax returns. Accordingly, this Court should overrule Defendant's objections and order Defendant to produce such documents.

3.   **Defendant Cannot Withold Documents It Identified in Its Initial Disclosure.**

RFP No. 1 asked Defendant to produce "[a]ll documents, including ESI and tangible items, identified in Karma's initial disclosures in these proceedings." What should have been a basic and uncontroversial discovery request—Defendant was asked to produce the documents that Defendant itself identified in its initial disclosures as supporting its claims and defenses—was objected to. Some of Defendant's many objections included that the request was "unduly burdensome" and that it sought documents "not within its possession, custody, or control, or which [are] more readily obtainable from another source."

Fed. R. Civ. P. 26(a)(1)(A)(ii), requires a party to provide in its initial disclosure "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." When a party identifies documents in its initial disclosure, it represents to the Court and opposing counsel that those documents exist, are within its possession, custody or control, and that they are relevant.

It is inconsistent for Defendant to identify documents in its initial disclosure as relevant to its claims and defenses and then refuse to produce those same documents. Defendant cannot represent on the one hand to this Court and to Plaintiffs that such documents exist and are pertinent to this litigation, while on the other hand claiming they are privileged, not within its possession, or more readily available from another source. When Defendant identified

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 11
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

documents in its initial disclosure, it acknowledged that such documents existed and were within its possession, custody, or control. Any privilege claims must be supported by the privilege log required by Rule 26(b)(5)(A). Defendant's failure to provide such a log, while also withholding documents it already disclosed, is improper, and this Court should compel Defendant's production of documents.

4.    **Defendant's Attorney-Client Privilege Objection to Plaintiffs' Request No. 4 is Unsupported.**

RFP No. 4 asked Defendant to produce "[a]ll documents Karma sent to or received from Davis Wright Tremaine." Again, Defendant objected stating, among other objections, that the request sought "documents not within its possession, custody, or control, or which [are] more readily obtainable from another source." Additionally, Defendant attempted to invoke "attorney-client privilege, work product and/or another applicable privilege."

Documents that the Defendant itself sent or received from another party should be in its possession, custody, or control. Further, based on Plaintiffs' information and belief, Davis Wright Tremaine—a litigation law firm headquartered in Seattle, Washington—is not, and has never been legal counsel for Karma Power, LLC.

When a party asserts attorney-client privilege, it bears the burden of showing the information is covered by attorney-client privilege: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *A.F. v. Providence Health Plan*, 173 F. Supp. 3d 1061, 1074 (D. Or. 2016) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071, 2 (9th Cir. 1992). Here, Defendant is asserting a privilege that cannot exist based on what is known of the relationship between Defendant and Davis Wright Tremaine. If Davis Wright Tremaine was not Defendant's counsel,

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 12
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

communications between them are not protected by attorney-client privilege; they should be deemed either business communications or communications with a third-party.

Defendants use of the attorney-client privilege objection in this Request is another example of boilerplate objections or lack of good faith in diligently reading Plaintiffs' Discovery Requests. This Court should compel Defendant to produce all documents sent or received from Davis Wright Tremaine. If Defendant continues to claim that the documents between itself and Davis Wright Tremaine are privileged, Defendant must identify the documents in a privilege log compliant with Rule 26(b)(5)(A) to sufficiently allow Plaintiffs' and this Court to evaluate such privilege claims.

**C.     Expert witness interrogatories are proper.**

Interrogatory 10 requested information about "all expert witnesses Karma intends to elicit opinion testimony from in these proceedings, whether at a hearing, trial, or by declaration." Karma objected to this interrogatory "to the extent it seeks expert witness disclosures prior to the deadline established by the Court's scheduling order." Karma cites no authority supporting a prohibition on expert witness interrogatories ahead of a case scheduling order's disclosure deadline. While Fed. R. Civ. P. 26(a)(2)(D) speaks to the *latest* that expert disclosures can be made, there is no prohibition on the timing of expert witness interrogatories. There are restrictions on seeking information about experts employed only for trial preparation, Fed. R. Civ. P. 26(b)(4(D), but that is not what Interrogatory 10 is asking. Defendant should be required to answer.

**D.     Asking how much money Defendant believes it may collect is permissible.**

A legal conclusion is a "statement that expresses a legal duty or result but omits the facts creating or supporting the duty or result." Black's Law Dictionary (8th ed. 2004) at 912. Interrogatory 8 requests an itemization "by description and amount each amount Karma claims it

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 13
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

may collect pursuant to the Judgment Debt." Defendant's objection to the contrary, this is not calling for a legal conclusion because it seeks facts. Furthermore, Fed. R. Civ. P. 33(c) provides, "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." *See also Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (interrogatories which seek opinions or contentions that call for the application of law to facts are proper, and an interrogatory may properly inquire into a party's contentions in the case). Plaintiff may ask the amounts Karma claims it may collect, and the Court should compel an answer to Interrogatory 8.

### IV.    CONCLUSION

For the reasons stated above, the Court should enter an order: (1) overruling all of Defendant's boilerplate objections; (2) rejecting Defendant's attempt to unfairly and unilaterally impose a discovery stay; (3) compelling Defendant to provide complete, substantive responses to Plaintiffs' First Set of Interrogatories and Requests for Production, and (4) compelling Defendant to produce a compliant privilege log within 7 days of the Court's order, identifying all documents withheld on privilege grounds.

DATED this 22nd Day of May, 2026.

WESTERN WASHINGTON LAW GROUP, PLLC

*/s/ Dennis McGlothin*
Dennis McGlothin, WSBA No. 28177
10485 NE 6th Street, #2620
Bellevue, WA 98004
T: (425) 728-7296
Email: docs@westwalaw.com

I certify that this memorandum contains 4,179 words, in compliance with the Local Rules

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 14
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that I am over age 18, competent to be a witness, not an interested party, and that a true and correct copy of the foregoing document was served by CM/ECF electronic notice on all persons receiving notice of this case on this Court's CM/ECF system.

DATED this 22nd day of May 2026 at Bellevue, Washington.

/s/Eugene Yum
Eugene Yum
docs@westwalaw.com

PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 15
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com