The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

HENRY W. DEAN, individually and his spouse GINGER ATHERTON, individually, and both as members of their marital community,

Plaintiffs,

v.

KARMA POWER, LLC, a Washington limited liability company and a licensed Washington collection agency,

Defendant.

No. 26-cv-00691-RSM

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

NOTE ON MOTION CALENDAR:
MAY 26, 2026

REPLY ISO MOTION TO DISMISS COMPLAINT
(NO. 26-CV-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ........................................................................................... 1

II.  ARGUMENT ................................................................................................................... 1

   A. This Court Has No Jurisdiction Over the Bank Judgment............................................ 1

   B. The Complaint Fails to State a Claim Regarding the Clearwater Judgment ................ 4

   C. Plaintiffs' Declaratory Judgment Request Regarding the Marital Bankruptcy Statute
      Should Be Denied ...................................................................................................... 7

   D. Plaintiffs' Speculation Regarding Hypothetical Collection of Atherton's Property
      Does Not Give Her Standing ...................................................................................... 8

III. CONCLUSION ............................................................................................................... 8

REPLY ISO MOTION TO DISMISS COMPLAINT - i
(No. 26-cv-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. Milas*,
   896 F.3d 1094 (9th Cir. 2018) ................................................................2

*Benshoof v. Admon*,
   No. 2:23-CV-1392, 2023 WL 7156185 (W.D. Wash. Oct. 31, 2023) ......................2

*D.L. Evans Bank v. Dean et al*,
   Docket No. 50134-2022 (Idaho, Oct. 30, 2023) (ECF No. 13 ) ..............................2

*Lei v. City of Lynden*,
   No. C14-0650-JCC, 2014 WL 6611382 (W.D. Wash. Nov. 20, 2014) ......................3

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)................................................................................8

*Merrell Dow Pharms. Inc. v. Thompson*,
   478 U.S. 804 (1986)................................................................................2

*Smith v. Graham*,
   30 Idaho 132, 164 P. 354 (1917)................................................................6

*Thompson v. Thompson*,
   484 U.S. 174 (1988)................................................................................2

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021)................................................................................8

*Young v. Toyota Motor Sales, U.S.A.*,
   9 Wn. App. 2d 26, 33, 442 P.3d 5 (2019), *aff'd*, 196 Wn.2d 310, 472 P.3d 990
   (2020)................................................................................6

**Statutes and Court Rules**

Declaratory Judgment Act ................................................................................2

REPLY ISO MOTION TO DISMISS COMPLAINT - ii
(No. 26-cv-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Fair Debt Collection Practices Act ................................................................................1, 3, 4, 6

Idaho Code § 11-201 ..............................................................................................................7

Idaho Code § 11-301 ..............................................................................................................6

Idaho Code § 5-218 ................................................................................................................7

Idaho Code § 5-224 ................................................................................................................7

Washington Consumer Protection Act....................................................................1, 4, 6

Washington Marital Bankruptcy Statute ...............................................................................8

REPLY ISO MOTION TO DISMISS COMPLAINT - iii
(No. 26-CV-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Karma Power,[1] by and through its undersigned counsel, respectfully submits this reply in further support of its Motion to Dismiss Plaintiffs' Complaint and in response to Plaintiffs' opposition brief (the "Opposition" or "Opp.").

## I.   PRELIMINARY STATEMENT

As set forth in the Motion to Dismiss, the Plaintiffs' "consumer protection" lawsuit is nothing more than a continuation of Dean's preference to outspend his collectors on vexatious lawfare rather than pay off debts that are long due and owing. Unable to cogently respond to the Motion to Dismiss' explanation of the Complaint's many, black-letter, fatal defects, the Opposition largely disregards them and confines itself to knocking down straw men. None of the Opposition's arguments prevent a full dismissal of the instant action, with prejudice, and the Motion to Dismiss should be granted in full.

## II.   ARGUMENT

### A.   This Court Has No Jurisdiction Over the Bank Judgment

The Opposition makes clear that Plaintiffs have no argument for this Court to retain jurisdiction over their claims with respect to the Bank Judgment. The Bank Judgment is not "consumer" debt such that the Complaint's first cause of action for violation of the FDCPA would apply but rather, as alleged, business debt. Compl. ¶ 9. The Opposition concedes this point. Opp. at 3:3 (arguing for ancillary jurisdiction over the Bank Judgment "despite it not being a consumer debt."). The Complaint's second cause of action, for violation of the Washington CPA, is a state law claim and the Opposition does not contend otherwise. All that remains are the Complaint's third cause of action for declaratory relief under the "full faith and credit" clause—a cause of action that does not exist—and its claims for ancillary jurisdiction based on the unrelated Clearwater Judgment. Neither pass muster.

*First*, the Complaint's third cause of action, for "declaratory judgment" on the full faith

---

[1] Capitalized terms not otherwise defined shall have their definition in Karma Power's Motion to Dismiss (ECF No. 12, the "Motion to Dismiss" or "Motion").

REPLY ISO MOTION TO DISMISS COMPLAINT - 1
(NO. 26-CV-00691-RSM)

and credit clause, does not exist at all, let alone is it grounds for federal subject matter jurisdiction. *See* Mot. at 14:5–16 (collecting cases). The Opposition does not address the Motion's explanation that the Complaint's "full faith and credit clause" argument merely repackages arguments Plaintiffs have made and lost in two state courts arising on state law grounds. Mot. at 13:20–14:1. Nor does the Opposition attempt to address the Motion's U.S. Supreme Court precedent, including *Thompson v. Thompson*, 484 U.S. 174, 182–83 (1988) explaining there is no "full faith and credit" cause of action, and *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) explaining that absent a cause of action, mere invocation of a federal principle does not give rise to jurisdiction. Instead, the Opposition makes a cursory, one-sentence, argument (without citation) that "[t]he federal declaratory judgment act permits the federal court to enter declaratory relief." Opp. at 24:1. But the Opposition is wrong, as the declaratory judgment act does not serve to create federal subject matter jurisdiction when none would otherwise exist. *See Allen v. Milas*, 896 F.3d 1094, 1099 (9th Cir. 2018) ("The Declaratory Judgment Act does not confer subject matter jurisdiction"); *Benshoof v. Admon*, No. 2:23-CV-1392, 2023 WL 7156185, at *3 (W.D. Wash. Oct. 31, 2023) ("Because the Declaratory Judgment Act does not provide for its own subject matter jurisdiction, a plaintiff must establish federal question jurisdiction or diversity jurisdiction before a district court can consider a request for declaratory judgment.") (internal punctuation and citations omitted).

*Second*, the Opposition ignores entirely the Motion's *res judicata* argument premised on the prior two state court actions (in Idaho and Washington state) where Plaintiffs already litigated, and lost, on its challenges to the Bank Judgment. *See* Mot. at 15:13–17:7 (citing *D.L. Evans Bank v. Dean*, 29 Wash. App. 2d 1005 (2023) and *D.L. Evans Bank v. Dean et al*, Docket No. 50134-2022 (Idaho, Oct. 30, 2023) (ECF No. 13 at Exhibit B). As explained in the Motion, "where the federal constitutional claim is based on the same asserted wrong as was the subject of a state action, and where the parties are the same, *res judicata* will bar the federal constitutional claim whether it is asserted in state court or not." Mot. at 15:17–20 (quoting *Stumpf v. Endell*, 961 F.2d 217 (9th Cir. 1992). This alone mandates dismissal of the "full faith and credit" action (and, given the

REPLY ISO MOTION TO DISMISS COMPLAINT - 2
(NO. 26-CV-00691-RSM)

FDCPA action does not apply to the Bank Judgment, this is independent grounds for full dismissal of any claims as to the Bank Judgment). Instead, the Opposition conflates the Motion's *res judicata* argument with respect to prior *state* actions with a separate, though also important point, that Plaintiffs were previously before *this* Court with respect to the Bank Judgment in Prior W.D. Washington Action and did not even attempt to make a "full faith and credit clause" argument. Opp. at 21:20–23:2. Instead, as the Opposition readily admits, Plaintiffs moved the Court to dismiss their own action for lack of continuing ancillary jurisdiction after their previous attempted federal hook (a civil rights claim) was dismissed. *Id.* at 22:11–16. The Opposition presents no justification for why Plaintiffs would not have been able to bring their supposed "full faith and credit" claim in the Prior W.D. Washington Action but can now, because there is none. Such a claim would have failed at the time (including because there is no "full faith and credit" cause of action), and certainly cannot be brought now in a new litigation as a second bite at the federal apple with respect to the Bank Judgment.

*Finally*, Plaintiffs—again, citing nothing—claim that the Bank Judgment should be heard by this Court under ancillary jurisdiction because the same entity, Karma Power, presently owns the rights to both the Clearwater Judgment and the Bank Judgment and intends to collect on both of them. Opp. at 3:3–21. That is not the law. *See Lei v. City of Lynden*, No. C14-0650-JCC, 2014 WL 6611382, at *4 (W.D. Wash. Nov. 20, 2014) ("In the Ninth Circuit, bare allegations of a 'common scheme' fail to establish sufficient factual overlap") (internal punctuation and citations omitted). Instead, as set forth in the Motion (and not addressed or disputed by the Opposition) "[w]hen the facts material to one claim . . . are immaterial to the other claim (the proposed supplemental jurisdiction claim), Ninth Circuit courts have declined to find supplemental jurisdiction." *Id.* (collecting cases). Here, the facts material to Plaintiffs' claims surrounding the Clearwater Judgment involve Dean's home landscaping debt and Plaintiffs' contentions that these are void based on sheriff activity in Idaho or incorrect paperwork when domesticating that debt in Washington. In contrast, the facts material to Plaintiffs' claims surrounding the Bank Judgment

REPLY ISO MOTION TO DISMISS COMPLAINT - 3
(NO. 26-CV-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

involve the business debt which Dean guaranteed and failed to pay, and Plaintiffs' contentions around the enforceability of the Bank Judgment in reference to Washington and Idaho state law (as already heard and decided by Washington and Idaho courts). The two debts are not related and the material facts do not overlap. There is no grounds for supplemental jurisdiction.

The third cause of action, and all claims relating to the Bank Judgment, should be dismissed.

**B.       The Complaint Fails to State a Claim Regarding the Clearwater Judgment**

As with the Bank Judgment, the Opposition is largely non-responsive to the Motion's arguments that the Complaint fails to state a claim with respect to the Clearwater Judgment. For the reasons set forth in the Motion, the Complaint neither states an FDCPA nor a CPA claim with respect to the Clearwater Judgment, and the first and second causes of action can readily be dismissed.

*First*, the Motion explained that materiality is required for the Complaint's FDCPA and CPA claims, and Plaintiffs' challenges to the Clearwater Judgment are not material because the complained-of paper omitted from Defendant's domestication paperwork (the 2015 Clearwater Renewed Judgment) "did not change the amount owed and accurately listed in the Washington domestication paperwork, Dean was already aware of it, and the King County Court has been made aware of it before any collection took place." Mot. at 19:7–9. The Opposition disputes none of these points, and instead wastes several pages attacking a straw man argument that a small dollar value can still be "material" under consumer protection law, even though low dollar value was not one of the grounds of immateriality asserted in the Motion. Opp. at 28:25–15. In particular:

- **The 2015 Clearwater Renewed Judgment did not change the amount owed.** The Opposition has no response to the fact that the 2015 Clearwater Renewal Order, which *was* in the domestication paperwork, provided that the 2010 Clearwater Judgment (including rate of interest and reservation of rights to attorneys' fees) be renewed "in its entirety" or that the Complaint's reading of the 2015 Clearwater

REPLY ISO MOTION TO DISMISS COMPLAINT - 4
(No. 26-cv-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Renewed Judgment (entered by the same judge on the same day as the 2015 Clearwater Renewal Order) that the Idaho court, for reasons unexplained, would have reversed its own order and wiped clean five years of accumulated interest and even Dean's *own payments* by giving a hard reset to the amount of principal and pre-judgment interest found in 2010. This is palpably implausible and contrary to Idaho law. Mot. at 19:23–20:25. Indeed, despite again spending pages attacking straw man arguments relating to supposed claims by Defendant to attorneys' fees which Defendant's domestication paperwork did not, in fact, make, Opp. at 18:17–21:19, the actual language in the Washington domestication paperwork that "Attorneys' Fees and Awarded Costs" were "[n]ot yet awarded" with a footnote further explaining that "[t]he Judgment states that 'each side retains the right to argue for attorney's fees and costs'" is accurate given the referenced judgment was renewed in its entirety, including the quoted language. ECF No. 13 at Ex. I.

- **Dean was already aware of the 2015 Clearwater Renewed Judgment.** Nor does the Opposition dispute that Dean was already aware of the 2015 Clearwater Renewed Judgment (as seen on the face of the document, which includes a certificate of service signed by the Idaho clerk of courts showing it was mailed to Dean's Idaho counsel). *See* Mot. at 12:1–9 (citing ECF No. 13 at Exhibit M).

- **The King County Court is now aware of the 2015 Clearwater Renewed Judgment and Dean is not prejudiced.** Lastly, the Opposition does not, and cannot, dispute that the King County Court is now also aware of the 2015 Clearwater Renewed Judgment given Dean himself submitted it to that court in connection with a request to stay those proceedings (which the King County Court rejected). *See id.* at 21:10–19 (citing ECF No. 13 at Exhibits N and O). No collection had at that time taken place and Dean was in no way prejudiced by its omission.

REPLY ISO MOTION TO DISMISS COMPLAINT - 5
(NO. 26-CV-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

As explained in the Motion, it is each of the above points which render the omission of the 2015 Clearwater Judgment "immaterial" under the FDCPA and CPA, not the small dollar value to which the Opposition devotes misplaced, extended argument. *See* Mot. at 19:4–22 (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010) ("In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response") (also dismissing Washington state law claims arising from same events); *Young v. Toyota Motor Sales, U.S.A.,* 9 Wn. App. 2d 26, 33, 442 P.3d 5 (2019), *aff'd*, 196 Wn.2d 310, 472 P.3d 990 (2020) ("[i]mplicit in the definition of 'deceptive' [under the Washington CPA] is the understanding that the actor misrepresented something of material importance."). The Opposition has no response. The FDCPA and CPA claims relating to the Clearwater Judgment should be dismissed on materiality grounds.

*Second*, the Opposition's lengthy discourse on Idaho sheriff execution law is entirely beside the point: Dean's time to bring those arguments would have been *in Idaho* in a motion to vacate the judgment or to set aside the Sheriff's sale, not to collaterally attack the judgment as *per se* void in a federal consumer protection action over a decade later. Opp. at 12:16–15:25. In any event, as set forth in the Motion, there is no law in Idaho that a sheriff must execute on each and every item in a debtor's possession or the entire judgment is automatically deemed void. Neither of the Idaho authorities cited by the Opposition, Idaho Code § 11-301 or the 1917 *Smith v. Graham*[2] decision state, or even suggest, such a proposition. Section 11-301 of the Idaho Code provides that the sheriff must execute writs on property (though does *not* say that failure to do so waives the amount of judgment) and speaks to what becomes of excess in proceeds or if the debtor contends that only part of his or her property is sufficient to satisfy the debt, neither of which are alleged to have occurred. Similarly, *Smith* is merely a lawsuit brought by a creditor against a

---

[2] 30 Idaho 132, 164 P. 354, 354 (1917).

REPLY ISO MOTION TO DISMISS COMPLAINT - 6
(No. 26-cv-00691-RSM)

constable for failure to levy on executions without indemnification, and has nothing to do with voiding a judgment for failure to execute on all property. And even the federal and Colorado authorities cited by the Opposition, which have no bearing on Idaho law, do not stand for such a proposition but rather that a judgment is extinguished if a levy occurs on "sufficient" personal property to satisfy the judgment. *See* Opp. at 12:18–24 (collecting cases). Indeed, the relevant provision of the Idaho Code, Idaho Code § 11-201 (cited in the Motion and not addressed by the Opposition), merely provides a list of the types of property that "are liable to execution," not that there is some rule requiring their execution or a judgment is automatically rendered void. *See* Mot. at 22:25–23:7. The Opposition's unremarkable point that the sheriff's sale of the two Italian Artifacts may have been voidable if the sheriff's sale was unadvertised or the products were sold under fair market value similarly misses the forest for the trees. Dean indisputably had notice that this sale occurred at the *latest* of June of 2012. *See* Mot. at 22:11–13, citing ECF No. 13 at Exhibit K (attesting that the sheriff's "unsatisfied return of service" describing the sale of the artifacts at $1/each was "served or mailed to [Dean]"). The Opposition does not dispute this. If Dean had wanted to move to set aside this sale, he could have attempted this, timely, in the Idaho Court. Dean did not. He does not retain, forever, the right to simply say in a conclusory fashion, in a different court, that the sale was "void." Dean's time to set aside the sale has passed—on Plaintiffs' "conversion" theory (Opp. at 15:8–16) or any other grounds. *See* Idaho Code § 5-218 (three-year statute of limitations for "[a]n action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property"); Idaho Code § 5-224 (Four-year catch-all statute of limitations for "[a]n action for relief not hereinbefore provided for must be commenced within four (4) years after the cause of action shall have accrued").

C.      **Plaintiffs' Declaratory Judgment Request Regarding the Marital Bankruptcy Statute Should Be Denied**

As explained in the Motion, Plaintiffs' request for a declaratory judgment that Dean's "community" property with Atherton is protected by the Marital Bankruptcy Statute misreads

REPLY ISO MOTION TO DISMISS COMPLAINT - 7
(NO. 26-CV-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

that statute and is incorrect as a matter of law. Mot. at 17:10–18:26. The Opposition does not address this point. Plaintiffs' "Marital Bankruptcy Statute" declaratory judgment request should be dismissed as a matter of law.

### D. Plaintiffs' Speculation Regarding Hypothetical Collection of Atherton's Property Does Not Give Her Standing

The Opposition makes much of hypothetical future injuries to Atherton, but fails to address the *TransUnion* decision, cited in the Motion, which explained that Article III standing requires Atherton to show that she "suffered an injury in fact that is **concrete, particularized, and actual or imminent** . . . ." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (emphasis added). Mot. at 23:14-19. The U.S. Supreme Court has made clear that injuries such as Atherton's, which are merely "conjectural" or "hypothetical," do not give rise to standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Atherton's claims should be dismissed.

## III. CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Defendant respectfully requests that Plaintiffs' Complaint be dismissed, in its entirety, and that the Court grant Defendant any such and further relief as the Court deems just and proper.

I certify that this memorandum contains 2,784 words, in compliance with the Local Civil Rules.

Respectfully submitted this 26th day of May, 2026.

SEYFARTH SHAW, LLP

*/s/ Matthew C. Catalano*
Andrew R. Escobar, WSBA No. 42793
Emily L. Vo, WSBA No. 62905
999 Third Avenue, Suite 4700
Seattle, WA 98104-4041
T: (206) 393-4066
Email: aescobar@seyfarth.com
      evo@seyfarth.com

Matthew C. Catalano, WSBA #63111

REPLY ISO MOTION TO DISMISS COMPLAINT - 8
(No. 26-cv-00691-RSM)

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

620 Eighth Avenue, 32nd Floor
New York, NY 10018-1405
T: (212) 218-5500
Email: mcatalano@seyfarth.com

*Attorneys for Defendant*

REPLY ISO MOTION TO DISMISS COMPLAINT - 9
(NO. 26-CV-00691-RSM)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

DATED this 26th day of May, 2026.

/s/ Matthew C. Catalano
Matthew C. Catalano

REPLY ISO MOTION TO DISMISS COMPLAINT - 10
(NO. 26-CV-00691-RSM)