THE HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HENRY W. DEAN, individually and his spouse GINGER ATHERTON, individually, and both as members of their marital community,<br><br>    Plaintiffs,<br><br>    v.<br><br>KARMA POWER, LLC, a Washington limited liability company and a licensed Washington collection agency,<br><br>    Defendant. | No. 2:26-cv-00691-RSM<br><br>PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>NOTE ON MOTION CALENDAR: MAY 26, 2026 |

## I.    INTRODUCTION

While Motions for Reconsideration are disfavored, the lack of opportunity to reply provides extraordinary circumstances that justify reconsideration pursuant to LCR 7(h). LCR 65(b)(5) does not authorize Plaintiffs to file a reply to Defendant's Response to Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs, therefore, had no opportunity to reply to Defendant's Response. The Anit-Injunction Act does not require the Court to dissolve the TRO and Plaintiffs are not required to demonstrate an inadequate remedy at law for the TRO to have been issued. The Court should vacate its order dissolving the TRO issued in this case.

PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR TEMP. RESTRAINING ORDER - 1
Case No. 2:26-cv-00691-RSM

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

## II.    ARGUMENT

**A. This case is Distinguishable from the *McNae* cases because the Court has ancillary jurisdiction to grant state statutory relief permitted by the CPA for engaging in practices prohibited by the CAA.**

By declaring certain violations to be unfair under the Washington Consumer Protection Act (CPA), the Washington Collection Agency Act permits a civil action in which, among other remedies, the injured party may seek both a private remedy for monetary damages and an injunction. RCW 19.86.090 provides:

The CPA provides for a private action as follows:

Any person who is injured in his or her business or property by a violation of RCW 19.86.020 [the unfair practices section invoked by the CAA]… may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, **_or both_** … (emphasis added)

A CPA action may be maintained in a superior court or a justice court, RCW 19.86.090, or if combined with a claim for violation of the FDCPA, the action may be maintained in a federal district court. 15 U.S.C. § 1692k(d). The CPA is to be liberally construed to protect the public and foster fair and honest competition. RCW 19.86.920; *Strenge v. Clarke*, 89 Wash.2d 23, 29, 569 P.2d 60 (1977). The statute was patterned after federal statutes, including the Federal Trade Commission Act, and the legislature provided courts are to be guided by interpretations given by federal courts to federal statutes dealing with same or similar matters. RCW 19.86.920; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783, 719 P.2d 531 (1986); *Tradewell Stores, Inc. v. T. B. & M., Inc.*, 7 Wash. App. 424, 431-32, 500 P.2d 1290 (1972). Washington courts have accepted such guidance. *See, e.g., State v. Black*, 100 Wash.2d 793, 799, 676 P.2d 963 (1984) (relying on decisions under federal statutes providing for attorney fees).

*McNae* does not address the Anti-Injunction Act's limitations when a State statute permits both injunction and monetary damages as statutory remedies for conduct that violates both federal

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 2
Case No. 2:26-cv-00691-RSM

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

and state statutes regulating conduct. Instead, the Plaintiffs in the *McNae* cases only asserted federal 42 U.S.C. § 1983 claims. *McNae v. King Cnty. Sheriff's Office*, 25-CV-2710-JNW, 2026 WL 44827, at *1 (W.D. Wash. Jan. 7, 2026). A plaintiff has standing to seek injunctive relief under RCW 19.86.090 even where there is no standing to seek injunctive relief under the FDCPA. *Opico v. Convergent Outsourcing, Inc.*, 2019 WL 1755312 at *3 (W.D. Wash. 2019). This distinction is, thus, critical and renders *McNae* inapposite.

*Irwin v. Mascott* is directly on point and more persuasive than *McNae*. *Irwin* addresses the intersection of state and federal collection practices acts and concludes the Anti-Injunction Act did not prohibit a U.S. California District Court from granting an injunction authorized by California's state consumer protection statutes:

> The injunctive relief offered by CUBPA [the California Unfair Business Practices Act] protects the consumer by stopping the abusive debt collector in its tracks. Prohibiting illegal activity is probably one of the most effective means of protecting consumers. This is exactly the type of greater protection afforded to consumers which is not preempted by the FDCPA. For this reason, Plaintiffs are entitled to all the remedies of the FDCPA, as well as the remedies offered by the CUBPA.

*Irwin v. Mascott*, 112 F. Supp. 2d 937, 964 (N.D. Cal. 2000).

In *Irwin*, the U.S. District Court for the Northern District of California granted plaintiffs a preliminary injunction because the plaintiffs proved their entitlement to injunctive relief authorized by state statute (the CUBPA). The Court found that the CUBPA was enacted to protect people, like the *Irwin* plaintiffs. *Id*. at 965. Because the defendant had violated both the FDCPA as well as the CUBPA, the District Court properly concluded it was not violating the Anti-Injunction Act because it was granting a state statutory remedy that "provides for injunctive relief as a remedy for violations of laws prohibiting unfair and anticompetitive business practices." *Id*. at 964.

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 3
Case No. 2:26-cv-00691-RSM

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

Like CUBPA, Washington state law provides its citizens protection beyond that which is authorized by the FDCPA. By statute, Washington makes a debt collector's violation of the prohibited practices provision in the CPA a per se CPA violation. *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 53, 204 P.3d 885 (2009) ("When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA and the FTCA under state and federal law."); RCW 19.16.440; *Evergreen Collectors v. Holt*, 60 Wash.App. 151, 155, 803 P.2d 10 (1991) (violation of CAA is a per se violation of the CPA). To be entitled to relief under the CPA, therefore, Plaintiffs must only establish Defendant engaged in practices prohibited by RCW 19.16.250, and that the debt collector's conduct caused injury to their business or property. *Creager v. Columbia Debt Recovery*, 618 F.Supp.3d 1094, 1106 (W.D. Wash. 2022).

Once Plaintiffs met their burden of proof to establish both a per se violation and injury to business or property, which they did in this case, then RCW 19.86.090 permits them to receive both monetary damages and injunctive relief. RCW 19.86.090. Plaintiffs requested injunctive relief pursuant to the CPA for Defendant violating the CAA in their original complaint they filed on February 26, 2026, and Defendant waived service of process the following day. ECF. Nos. 1 at 30, 37; and 5. Injunctive relief is a remedy for a CPA violation, and not a separate cause of action. *Ngethpharat v. State Farm Mutual Automobile Ins. Co.*, 499 F.Supp.3d 908, 919 (W.D. Wash. 2020) (abrogated on other grounds). A plaintiff may seek injunctive relief as a remedy for CPA claims. *Id*.

**B. Irreparable harm is not required to receive injunctive relief pursuant to the CPA.**

The right to seek an injunction under the CPA, coming under RCW 19.86.090, is a statutory and not an equitable right. Typically, injunctive relief is an equitable remedy. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009). Equitable remedies generally require parties to

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 4
Case No. 2:26-cv-00691-RSM

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

demonstrate they have no adequate remedy at law. When invoking an equitable right to any injunction a party must demonstrate a likelihood on the merits and that they will suffer irreparable harm without an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

When parties seek injunction pursuant to statute, like the CPA, courts need not use their equitable powers to issue one. The statute grants courts authority to issue injunctions, which is a legal, not equitable remedy.  Parties, like Plaintiffs, who seek a legal right to injunction, authorized by statute need not demonstrate no adequate remedy at law. *Nemykina v. Old Navy, LLC*, 461 F.Supp.3d 1054, 1062 (W.D. Wash. 2020) (inadequacy of remedy at law not required, and legal and injunctive remedies may be available simultaneously, citing RCW 19.86.090). RCW 19.86.090 provides that a plaintiff who establishes a CPA violation has the right to both monetary damages and an injunction, which is compensation for their injuries as well as an injunction; there is no requirement they establish irreparable injury. *Id*.

**C. Inconvenience and deprivation of use and enjoyment of property are sufficient to constitute injury under the CPA.**

Even if inadequacy of a remedy at law was required, which it is not, then Plaintiffs' Motion for a Temporary Restraining Order demonstrated they would have likely suffered irreparable injury if the TRO was not issued. Plaintiff's Motion demonstrated that a wrongful levy would deprive them of the use and enjoyment of their property.  In 1986, the Washington State Supreme Court clarified that CPA plaintiffs do not need to demonstrate a CPA violation caused them "damages;" rather injury to their business or property is all that is required. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 719 P.2d 531 (1986). The following year, the State Supreme Court distinguished "injury" and "damages," *Nordstrom, Inc. v. Tampourlos*, 107 Wash.2d 735, 733 P.2d 208 (1987), making clear that injury without specific

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 5
Case No. 2:26-cv-00691-RSM

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

monetary damages will suffice. Inconvenience and deprivation of use and enjoyment of property have been found sufficient to constitute injury to business or property sufficient to justify relief under the CPA. *Tallmadge v. Aurora Chrysler Plymouth, Inc.*, 25 Wash. App. 90, 605 P.2d 1275 (1979).

Moreover, the CPA does not require a plaintiff to prove a CPA violation caused economic monetary damages; unquantifiable damages may suffice, including "loss of use of property." *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 58, 204 P.3d 885 (2009). *Webb v. Ray*, 38 Wash. App. 675, 688 P.2d 534 (1984) in particular dealt with an automobile owner's loss of use of property. In that case, an auto paint and body repair shop asserted a possessory lien against a Corvette, and the court found that the repair shop had committed a per se CPA violation and that the Corvette owner's loss of enjoyment and use of his automobile was sufficient injury to his business or property to constitute a CPA violation. *Id*. at 679-80.

**D.  The *McNae* cases are distinguishable and do not apply here.**

The *McNae* cases deal with claims asserted exclusively under 42 U.S.C. § 1983 with no state counterpart.  In *McNae v. King Cnty. Sheriff's Office*, 2026 WL 44827, at *1 (W.D. Wash. Jan. 7, 2026, the "Plaintiffs br[ought] claims under 42 U.S.C. § 1983, which has been construed to provide implied authority to enjoin state court proceedings where necessary to vindicate federal constitutional rights.") In *McNae v. King Cnty. Sheriff's Office,* 2026 WL 44827, at *1 (W.D. Wash. Jan. 7, 2026), Plaintiffs sought to enjoin the actions of non-parties.

**E.  The prohibition of the Anti-Injunction act applies only to State proceedings that are pending at the time injunctive relief is requested.**

Even if the *McNae* cases were apposite, which they are not, and the writ of execution were properly considered state proceedings to which the Anti-Injunction Act applied, the Act still would not require the Court to dissolve the Temporary Restraining Order because the Anti-Injunction

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 6
Case No. 2:26-cv-00691-RSM

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

Act only prohibits enjoining state proceedings that are pending when injunctive relief is sought. The Anti-Injunction Act prohibits federal courts from enjoining a party from pursuing pending state court proceedings. It does not prohibit federal courts from enjoining a party from seeking relief in a subsequently filed state court proceedings involving the same subject matter; *Nat'l City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1127 (8th Cir. 1982), citing *Dombrowski v. Pfister*, 380 U.S. 479, 484n.2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); *Barancik v. Investors Funding Corp.*, 489 F.2d 933, 936 and n.8 (7th Cir. 1973). Here, Plaintiffs requested injunctive relief in their Complaint on February 26, 2026. ECF. No. 1 at 30, 37. Defendant did not commence writ of execution proceedings until after Plaintiff filed their Complaint. ECF No. 17-1, Writ of Execution issued April 30, 2026.

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 7
Case No. 2:26-cv-00691-RSM

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

### III.    CONCLUSION

Because Plaintiffs had no ability to reply to Defendant's Response, the Court should consider Plaintiffs' arguments in this Motion. Washington state law expressly authorizes a statutory legal right to injunction, the Anti-Injunction Act does not require the Court to dissolve the TRO. The injunctive remedy is a statutory legal and not an equitable right, Plaintiffs are not required to demonstrate irreparable harm.  For these reasons, the Court should withdraw and vacate its Order Dissolving the TRO Judge Lin issued. ECF Nos. 18, 23.

DATED May 26, 2026.

WESTERN WASHINGTON LAW GROUP, PLLC


/s/ Dennis J. McGlothin_____
   Dennis J. McGlothin, WSBA 28177
   Robert Cadranell, WSBA 41773
   10485 NE 6th St. #2620
   Bellevue, WA 98004
   (425) 728-7296
   docs@westwalaw.com
   *Attorneys for Plaintiffs*


*By my signature above, I certify that this Motion contains 2,021 words, in compliance with the Local Civil Rules.*

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 8
Case No. 2:26-cv-00691-RSM

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY under penalty of perjury that I am over age 18, competent to be a witness, not an interested party, and that a true and correct copy of the foregoing document was served by CM/ECF electronic notice on all persons receiving notice of this case on this Court's CM/ECF system.

DATED this 26th day of May 2026 at Bellevue, Washington.

/s/ Robert Cadranell
Robert Cadranell

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER DENYING PLAINTIFFS' EMERGENCY
MOTION FOR TEMP. RESTRAINING ORDER - 9
Case No. 2:26-cv-00691-RSM

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com