The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY W. DEAN, individually, and his spouse GINGER ATHERTON, individually, and both as members of their marital community,<br><br>                      Plaintiffs,<br><br>        v.<br><br>KARMA POWER, LLC, a Washington limited liability company and a licensed Washington collection agency,<br><br>                      Defendant. | Case No. 2:26-cv-00691-RSM<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY<br><br>NOTE ON MOTION CALENDAR: JUNE 12, 2026 |

## I.  INTRODUCTION

Plaintiff Henry W. Dean ("Dean")—an extraordinarily litigious judgment debtor—has fought Defendant Karma Power, LLC ("Defendant" or "Karma Power") and its predecessors across several courts, on a number of increasingly creative theories, against paying debts he indisputably owes. Together, with his wife Ginger Atherton ("Atherton") (collectively, "Plaintiffs"), Dean has brought this lawsuit against Karma Power on discrete FDCPA, Washington CPA, and supposed "full faith and credit clause" causes of action. Plaintiffs have used these discrete causes of action as a pretext to serve requests for sweeping, burdensome, and invasive operational and financial information (including Karma Power's tax returns and attorney files for Defendant and its predecessors). Plaintiffs' motion to compel (ECF No. 29, the "Motion to Compel" or "Motion") barely mentions what it is that Plaintiffs are seeking, because Plaintiffs' requests are

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 1
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

palpably, and obviously, objectionable. Instead, Plaintiffs cherry-pick certain specific objections which they apparently believe are the most likely to be defeated on motion practice, ignoring that even if this were the case (and, as set forth herein, it is not), the Requests are objectionable on numerous, independent, grounds and production should not be compelled.

Indeed, aside from a conclusory statement that Karma Power's objection to Plaintiffs' discovery on grounds that the Requests are "untethered to the causes of action in the Complaint and calculated to harass rather than to elicit information relevant to any claim or defense in this action" is "boilerplate," the Motion does precious little to show that any (let alone all) of the Requests *are* tethered to the causes of action in the Complaint or are calculated to elicit information relevant to claims and defenses rather than to harass. Nor can it. The record is clear that Plaintiffs first served their demands for use as a bargaining chip to attempt to stay collections proceedings in state court rather than for any proper purpose. It was only after Karma Power did not take this bait and Plaintiffs also failed to obtain this stay in motion practice, that Plaintiffs now have moved to compel on the Requests. Plaintiffs may *want* sweeping discovery on Karma Power's members, operations, and attorneys (including to fish for future vexatious litigations they have planned to continue in their attempts to thwart Karma Power's judgment enforcement efforts), but these requests have no bearing on the lawsuit that is before this Court. Plaintiffs' Motion should be denied. Moreover, because Plaintiffs have failed to show their motion is substantially justified, Karma Power should be awarded fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## II.    BACKGROUND

In the interest of brevity, Defendant refers the Court to the Factual Background section of its Motion to Dismiss filed on April 27, 2026 (ECF No. 12) for a fulsome recital of the background of this dispute,[1] including the background of the two judgments at issue (the Bank Judgment and the Clearwater Judgment, together the Judgments),[2] Plaintiffs' years-long effort to frustrate and delay Karma Power and its predecessors' attempts to collect on both of the Judgments across

---

[1] Without concession of any facts assumed to be true for purposes of that Motion only.

[2] Capitalized terms not hereinafter defined have their definition in Defendant's Motion to Dismiss (ECF No. 12).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 2
[No. 2:26-cv-00691-RSL]

multiple courts, including a prior action in this Court,[3] and Plaintiffs' unsuccessful attempt to stay state court proceedings on the Clearwater Judgment pending the outcome of the instant action.

On April 28, 2026, Defendant's counsel asked Plaintiffs' counsel for consent to stay discovery in this action pending Defendant's motion to dismiss. *See* ECF No. 17–9 at 4. Plaintiffs' counsel responded the next day admitting that "[i]f this were ordinary litigation, then I would advise my client to accept your proposal," admitting that Chief Judge Keenan in the state court action rejected Plaintiff Dean's request for a stay in that action, and offering "if you agree to stay all actions in the two new garnishment proceedings you commenced and the supplemental proceedings that were commenced and allow Judge Lasnik[4] to decide your motion to dismiss and our motion for summary judgment, then Mr. Dean will agree to Karma's duty to respond to the written discovery that is due May 11, 2026, as of the day Karma filed its motion, but not as to any objections to the discovery requests." *Id.* at 3. Given Dean's stay request had already been litigated in the state court, Defendant refused Plaintiffs' proposal. *Id.* at 2.

On May 4, 2026, the Parties met-and-conferred regarding Defendant's proposed motion to stay discovery pending disposition of Defendant's motion to dismiss, where Plaintiffs' counsel (as reflected in his own memorialization of the meet-and-confer) "agreed [Plaintiffs] would stay discovery if [Defendant] permitted, either by court order or less formally, to not pursue state law collection remedies that the Complaint seeks to enjoin," an offer which Defendant (again, because the matter had already been litigated in state court) declined. ECF No. 17-20 at 1. Defendant moved to stay later that day, and that motion is fully-briefed and pending decision. *See* ECF No. 14 *et seq*.

Also on the evening of May 4, 2026, Plaintiffs advised they would seek to enjoin the sheriff's levy on Dean's property then-scheduled for May 5, 2026. ECF No. 21, Ex. A at 1. Counsel for Plaintiffs requested a rescheduling of the execution "so the restraining order may be heard on a nonemergency basis." *Id.* Counsel for Defendant explained that "among other things, your proposed TRO will not be successful (i) under the Anti-Injunction Act (28 U.S.C § 2283), (ii)

---

[3] *BGH Holdings, LLC, Atherton, and Dean v. D.L. Evans Bank*, 2:18-cv-01408-RSL (Lasnik, J.) (the "Prior W.D. Washington Action").
[4] Who, at the time, was the judge assigned to this Action.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 3
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

because the FDCPA does not provide a basis for injunctive relief, and (iii) because you will not be able to show irreparable harm. As such, we do not see the need to delay execution and do not consent to reschedule." *Id.* Regardless, that evening Plaintiffs called the Court's emergency line at 10:46 p.m. Pacific Time and obtained a provisional order staying the sheriff execution at 11:52 p.m. Pacific Time "solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing." ECF No. 18 (Lin, J.). After full briefing, on May 12, 2026 the Court decisively denied Plaintiffs' emergency motion and lifted the provisional order, including on grounds already explained to Plaintiffs as to why the motion was futile before Plaintiffs filed the motion (i.e. the Anti-Injunction Act and lack of irreparable harm). ECF No. 23. Evidencing the lack of any true "emergency," Plaintiffs did not file a motion for reconsideration of this order until two weeks later, on May 26, 2026. ECF No. 32.

Having failed to leverage their discovery requests into a stay of state court proceedings through negotiations with Defendant, and having failed in two courts to obtain this stay through motion practice, on May 22, 2026 (after Defendant's motions to dismiss and to stay discovery were fully briefed), Plaintiffs brought the instant motion to compel responses to their discovery requests. For the reasons set forth herein, Plaintiffs' motion can readily be denied.

### III. ARGUMENT
#### A. Defendant Would Be Irreparably Harmed By Producing Objectionable Discovery Prior to Disposition of its Motions to Dismiss or Stay

Most of Plaintiffs' Motion to Compel repeats the same grievance Plaintiffs made in opposition to Defendant's motion to stay (ECF No. 24)—that Defendant has "unilaterally imposed" its own stay of discovery. *See* Mot. at 6:1–7:7. As already explained in Defendant's reply briefing to the motion for stay, the filing of which pre-dated Plaintiffs' Motion to Compel but is not addressed by Plaintiffs, this is simply not the case. Defendant is entitled to serve objections on Requests that are objectionable, and it timely did so. *See* Reply ISO Mot. to Stay, ECF No. 26 at 2:20–3:17.

But furthermore, Plaintiffs are wrong on the law. Discovery in this matter does not close until December, and Plaintiffs have set forth no reason why they need discovery now. Rather, it is

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 4
[No. 2:26-cv-00691-RSL]

*Defendant* who would be irreparably harmed if it were forced to produce discovery, especially objectionable discovery, to Plaintiffs prior to the disposition of a motion to dismiss that is anticipated to at the very least narrow, if not eliminate, the matters in dispute, and/or a motion to stay which is anticipated to stay discovery pending such disposition. That is especially true where, as here, the discovery Plaintiffs seek is invasive business, operational, and legal information which, while having no bearing on the instant dispute, would be invaluable to Plaintiffs in their endless campaign to fish for new theories to litigate the judgments they indisputably owe rather than pay them. *See, e.g., Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734-FWS-ADS, 2025 WL 1377817, at *3 (C.D. Cal. Apr. 17, 2025) ("[t]he court finds that Defendant has demonstrated such an irreparable injury because Defendant would have to produce the disputed discovery on April 18, 2025, prior to the court's decision on the motion for review, and thus would be effectively deprived of its ability to seek review of the Discovery Order"); *Forrest v. Facebook, Inc.*, No. 5:22-CV-03699-EJD, 2023 WL 1931356, at *2 (N.D. Cal. Jan. 18, 2023) ("At most, a stay would slightly delay Dr. Forrest from receiving supplemental disclosures, and such delay is not 'substantial harm.'").

Despite having the benefit of this case law in Defendant's reply briefing to its motion to stay, Plaintiffs do not address them in their Motion. Instead, Plaintiffs present entirely inapposite cases that have no bearing on the instant Motion. In *Core Health*, the Court found that "the Rodriguez Defendants' contentions that discovery should be stayed pending the motions to dismiss are without merit. Of course, this ruling is subject to any ruling by Judge Birotte on the Motion to Dismiss." *Core Health & Fitness, LLC v. Transmedik Specialized Inc.*, 8:24-CV-02481-AB (JDE), 2025 WL 3691958, at *7 (C.D. Cal. [5] Nov. 24, 2025). Here, Defendant *did* file a motion to stay discovery, indeed a motion that it not only filed, but fully briefed, before Plaintiffs filed their motion to compel. And Plaintiffs' reliance on *Goro* fares no better, for the same reason. *See Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018) ("The Court declines to *sua*

---

[5] Plaintiffs' reference to *Core Health* as a "W.D. Wash." case is erroneous, as the case is a C.D. Cal. case. Mot. at 6:9–10.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 5
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

*sponte* issue a stay of discovery . . . without a formal request or the benefit of briefing from both parties.").

Defendant's motions to dismiss and to stay are both potentially dispositive of Plaintiffs' Motion to Compel and were filed after both of Defendant's motions were fully briefed. Plaintiffs have articulated no reason why they need discovery now, whereas Defendant would be irreparably harmed by provision of objectionable, invasive, discovery to a litigious and vexatious adversary. Plaintiffs' motion should be denied.

### B.    Plaintiffs' Motion to Compel Should Be Denied

Plaintiffs' requests generally seek Defendant's financial, operational, and attorney-file (or predecessors' attorney-file) information, and the Motion to Compel does not even attempt to argue that these are relevant to the instant dispute. They are not.

*First*, Plaintiffs' requests generally seek invasive discovery on Karma Power on grounds of a relation to the Bank Judgment. But none of their causes of action call for *any* discovery on the Bank Judgment. The Bank Judgment is indisputably business debt, and therefore neither the FDCPA nor Washington CPA (first and second causes of action) apply. *See* Compl. ¶ 9 (admitting Bank Judgment was "adjudicated and reduced to judgment guaranty debt that Plaintiff Dean and Linda Badell owed to DL Evans Bank for a construction loan it made to their real estate development company"). See 15 U.S.C.A. § 1692a(5) (limiting scope of "debt" covered by FDCPA to "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ."); RCW 6.01.060 (Consumer debt is debt "primarily for personal, family, or household purposes"); *see Amrani v. U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr.*, C19-844 RSM, 2019 WL 2366848, at *2, n.4 (W.D. Wash. June 5, 2019) ("Plaintiff also alleges that [defendants] have been acting as a debt collector and have taken actions that violate the Washington Consumer Protection Act and the federal Fair Debt Collection Practices Act . . . But Plaintiff indicates that the attempted collection of 'delinquent consumer debt' was from his business partner."). And Plaintiffs' "full

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 6
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

faith and credit" cause of action has no elements (because it is not a recognized cause of action that exists). *See Thompson v. Thompson*, 484 U.S. 174, 182–83 (1988) ("the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action"). As such, to the extent Plaintiffs' Motion seeks to compel documents and information relating to the Bank Judgment, this can be summarily denied.

*Second*, Plaintiffs' allegations relating to the Clearwater Judgment are premised on alleged paperwork omissions in the domestication of the judgment in Washington or grievances relating to how the judgment was enforced in Idaho. Compl. ¶¶ 19–51, 99–150. Plaintiffs already have the relevant documents, which are on dockets in Washington and Idaho to which Dean is a party, and most if not all of which have already been added to the docket in this Action by one or both parties in connection with prior motion practice. And to the extent Plaintiffs attempt to tie burdensome discovery relating to Karma Power's "formation, ownership, and management" or even to go so far as to request Karma Power's *tax returns*[6] by complaining that they need to know whether Karma Power is a debt collector and/or how much money Karma Power is seeking to collect from Plaintiff in connection with the Clearwater Judgment, both of these can be found in the Washington domestication paperwork duly served upon them. Plaintiffs obviously have these given this domestication paperwork is the basis of most of their allegations, and it has been filed in this action in any event so they can pull it from the docket in this case. *See* ECF No. 13 at PDF page 90 (setting forth amount owed in Clearwater Judgment), 114 (a true and correct copy of Karma Power's business license as a Washington collections agency).

*Third*, Plaintiffs' handful of specific arguments relating to certain of Karma Power's objections are meritless, and in any event do not move the needle towards granting Plaintiffs' motion given any one of them is but one of many reasons that the discovery requests are patently objectionable:

---

[6] Which Plaintiffs do not show any need for, much less a "compelling" need as Plaintiffs admit is required. Mot. at 10:18–11:5.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 7
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

- **Good Faith.** While Plaintiffs make much of Karma Power's supposed lack of "good faith," they point to nothing showing Karma Power lacked good faith in its objections. Mot. at 7:9. To the contrary, it is Plaintiffs who plainly lacked good faith by propounding discovery as a bargaining chip to seek a stay in a separate action rather than for any legitimate purpose. *See supra*.

- **Formation, Ownership, and Management.** As discussed *supra*, the only even conceivably relevant document relating to Plaintiffs' "formation, ownership, and management," i.e. its collections agency license as relates to the Clearwater Judgment, *is* "more readily obtainable from another source," starting with the docket in this action and the domestication paperwork served on Plaintiffs months ago which led to this action. Mot. at 7:13–24. Plaintiffs do not attempt to tie this request to any element other than Defendant's status as a Washington collections agency, which is only conceivably relevant for their consumer protection claims (as the Bank Judgment is not consumer debt). *See supra*.

- **Time Limitation.** Plaintiffs' time limitation of January 1, 2017 to present *is* objectionable as far outside the scope of any relevant information that would be in Karma Power's unique possession, custody, and control (to the extent there is any), given there is no discoverable information tied to their causes of action relating to the Bank Judgment, *see supra*, and Karma Power's complained-of domestication of the Clearwater Judgment occurred in 2025. Plaintiffs' decision to focus their Motion to Compel argument on what they perceive as a "gotcha" about how their definitions and instructions included a time limitation rather than make the barest attempt to justify the January 1, 2017 date is emblematic of their pattern and practice of seeking to win on technicalities rather than merits. Mot. at 8:1–10.

- **Attorney/Client Privilege.** Plaintiffs' accusations of "bad faith" are further ironic when it comes to Plaintiffs' complaint that Defendant is standing on attorney-client privilege without logging for privilege, Mot. at 8:11–24, 9:17–10:17, 12:8–13:9,

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 8
[No. 2:26-cv-00691-RSL]

given Defendant confirmed at the Parties' meet-and-confer, and confirm here again, that their basis for withholding the documents (attorney files relating to Karma Power or its predecessors relating to the Bank Judgment) was on grounds of their other objections and not privilege, but that they would log for privilege if their other objections were overruled. Thus, Plaintiffs' arguments relating to privilege are moot or, at the very least, premature.

- **Tax Returns.** As noted *supra*, there is no demonstrated need at all for Karma Power's tax returns for any reason whatsoever, much less (as Plaintiffs admit is required) a "compelling need." Mot. at 10:17–11:5. Karma Power's status as a collections agency is not relevant for the Bank Judgment (which is not consumer debt) and its operative license at the time of the complained-of domestication of the Clearwater Judgment is already on file in this action. *See supra*.

- **Initial Disclosures.** Plaintiffs point to no requirement that everything listed in initial disclosures, which were made subject to reservations of all rights, must be produced, as there is no such requirements. Mot. at 11:6–12:5. *See Taber v. Cascade Designs, Inc.*, 2:20-CV-01633-TL, 2023 WL 3075765, at *3 (W.D. Wash. Apr. 25, 2023) ("While [p]laintiff may guide her discovery efforts using the categories identified in [defendant's] initial disclosures, [p]laintiff must request specific documents or types of documents that may be relevant to her claims remaining after summary judgment and proportional to the needs of this case"); Advisory Note to 1993 Amendment of Fed. R. Civ. P. 26 ("The disclosing party does not, by describing documents under subparagraph (B), waive its right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production.").

- **Expert Witnesses.** Defendant has not yet retained an expert and the requests relating to expert discovery are premature. Mot. at 13:12–21.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 9
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

- **Amount in Dispute.** As noted *supra*, how much money Defendant seeks from Plaintiffs in connection with the Bank Judgment is not relevant discovery, as the Bank Judgment is not consumer debt, and, with respect to the Clearwater Judgment, is already provided in the Washington domestication paperwork served on Plaintiffs and also filed in this action and thus is in Plaintiffs' possession.

## C.    Defendant Is Entitled to Fees and Costs

"When a motion to compel is denied, the court 'must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses . . . including attorney's fees.'" *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, C12-1913-RSM, 2013 WL 12071669, at *3 (W.D. Wash. July 30, 2013) (Martinez, J.) (quoting Fed. R. Civ. P. 37(a)(5)(B). Here, there is no "substantial justif[ication]" for Plaintiffs' motion to compel—to the contrary, as set forth herein, both the Requests themselves and the instant motion are palpably meritless. *Id.* What is more, the motion is wasteful of party and judicial resources given it was filed after a fully briefed motion to stay discovery was already pending before the Court. Defendant should be awarded its fees and costs for responding to the motion.

## IV.    CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court enter an order denying Plaintiffs' Motion to Compel, granting Defendant its fees and costs for responding to Plaintiffs' Motion to Compel, and any such and further relief as the Court deems just and proper.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 10
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

*I certify that this memorandum contains 3,399 words, in compliance with the Local Civil Rules.*

Dated this 8th day of June, 2026.

SEYFARTH SHAW LLP


By:    */s/ Matthew C. Catalano*
      Andrew R. Escobar, WSBA No. 42793
      Emily L. Vo, WSBA No. 62905
      999 Third Avenue, Suite 4700
      Seattle, Washington 98104-4041
      Phone: (206) 946-4968
      Email: aescobar@seyfarth.com
          evo@seyfarth.com

      Matthew C. Catalano, WSBA No. 63111
      620 Eighth Avenue, 32nd Floor
      New York, NY 10018-1405
      Phone: (212) 218-5500
      Email: mcatalano@seyfarth.com

      *Attorneys for Defendant*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 11
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 8th day of June, 2026.

_/s/ Matthew C. Catalano_ .
Matthew C. Catalano

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 12
[No. 2:26-cv-00691-RSL]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910