THE HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY W. DEAN, individually, and his spouse GINGER ATHERTON, individually, and both as members of their marital community,

    Plaintiffs,

    v.

KARMA POWER, LLC, a Washington limited liability company and a licensed Washington collection agency.

    Defendant.

NO. 2:26-cv-00691-RSM

PLAINTIFFS' REPLY TO MOTION TO COMPEL DISCOVERY

NOTE ON MOTION CALENDAR:
June 12, 2026

## I.    REPLY

Plaintiffs hereby reply to Defendant's Response to Plaintiffs' Motion to Compel Discovery as follows.

## II.    REPLY FACTS

Plaintiffs' commenced this action after sending Defendant a demand on February 18 2026, that it cease and desist from further unlawful collection activities claiming entitlement to amounts to which they are not entitled. *ECF No. 13*, p. 220. Defendant responded on February 24, 2026, refusing to cease and desist. *ECF No. 1*, ¶148. Plaintiffs commenced this action by filing a Complaint that seeks, among other things, statutory injunctive relief permitted by the

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 1
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

Washington's Consumer Protection Act (CPA). *ECF No. 1*, ⁋⁋151-174 and Request for Relief ⁋3. The Complaint alleges the FDCPA's threshold facts that Defendant's substantial business is to acquire judgments and collect them for its own account. *Id*., ⁋154. Plaintiff alleges Defendant acquired the Clearwater and Bank judgments in 2017 using interstate commerce, wire or mail, *Id*. at ⁋108. Plaintiffs requested Defendant produce information to prove those allegations, including communications with the original judgment debtor(s), tax returns, and corporate formation documents. *ECF No. 25-1,* pg. 8-9. The Complaint further alleges Defendant has four individual members, managed by Mark J. Calvert, who all have vendetta against Plaintiff Henry Dean and that they are harassing, oppressing, and abusing Plaintiff Dean and his current wife Plaintiff Atherton through the guise of collecting judgments. *ECF No. 1*, at ⁋⁋141-146 . To prove the members' intent, Plaintiff requested their communications with each other. *ECF No. 25-1*, pg. 8.

Defensively, Defendant delays these proceedings while rushing to State Court to obtain improper relief before this Court can timely act. Defendant waived service and had 60 days to respond to Plaintiffs' Complaint. *ECF No. 5*. In the April 1, 2026, Joint Status Report (JSR) Plaintiff proposed early summary judgment, Defendant disagreed and affirmatively represented it would move to stay discovery, and Plaintiff made clear that absent a court order it would proceed with discovery. *ECF No. 10,* 7:8-20. Defendant did not move to stay discovery by April 10, 2026, and Plaintiffs, propounded written discovery. *ECF No. 24-1*. After receiving Plaintiffs' written discovery, Defendant waited 24 days before moving to stay discovery. *ECF No. 14*. Defendant responded to the written discovery by asserting bogus objections and not answering a single interrogatory or producing a single document. *ECF No. 24-2* and *ECF No. 14*. Then, despite having agreed in the JSR to use the streamlined discovery procedure in LCR 37(a)(2) in the JSR (*ECF No. 10,* 6:15-17), it refused to do so for Plaintiffs' Motion to Compel and opposes having to comply with discovery.

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 2
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

During this time, Defendant acts with haste to commence new wrongful collection proceedings in State court. On the day this action was commenced Defendant moved the State Court to commence in personam supplemental proceedings against Plaintiff Dean. *See, Ex. B to McGlothin Decl, filed herewith.* The next day it commenced three separate garnishment actions claiming a provisional grant of $5,000 in post-judgment attorney fees. *ECF No. 17-4*, pg. 3, 17-5, pg. 3, 17-6, pg. 3. Defendant claimed entitlement pursuant to a provision reserving argument on that issue in the original Idaho judgment that was rendered in 2010 but subsequently removed by the same court in 2015 when it rendered a Renewed Judgment. ECF No. 3-1. Despite Defendant having been assigned both the 2010 judgment and the 2015 Renewed Judgment in 2017 *ECF No. 17-12*, ⁋⁋1-3, it only registered the 2010 judgment and never disclosed the 2015 Renewed Judgment. *See, Ex. A to McGlothin Decl.* Defendant's Writs of Garnishment were properly quashed. *ECF No. 17-10.*

Defendant opposed Plaintiffs' request to stay commencement of in personam supplemental proceedings in State Court, which were then commenced. *See Ex. B-D to McGlothin Decl.* Plaintiff Dean, produced the requested documents and appeared for examination. *See McGlothin Decl, Ex. E, pg. 3.*

Defendant also commenced two State law Writ of Execution proceedings. The first one was scuttled because Plaintiffs obtained an emergency temporary restraining order. *ECF No. 16*, (TRO). Despite the TRO requiring the parties meet and confer to agree on a briefing schedule, Defendant huddled together a Response, submitted it to the Court and did not allow Plaintiff an opportunity to reply. *ECF No. 20*. Defendant led the Court into error to dissolve the TRO. *ECF No. 23*. Plaintiffs timely filed a Motion for Reconsideration, which remains pending. *ECF No. 32*. Rather than wait for a ruling from this Court, Defendant commenced the second Writ of Execution proceedings. At his examination, Plaintiff Dean requested any execution be coordinated with him. *See Ex. E to McGlothin Decl, pg. 104, ln 15-18.*, but Defendant

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 3
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

acknowledged his request without agreement. *Id at pg. 105*. On June 3, 2026, Defendant's counsel appeared at Plaintiffs shared residence with, 5 Sheriffs, 4 armed. *See, Declaration of Henry Dean ¶¶4-6*. They seized Plaintiff Dean's gold colored money clip, and two sets of cufflinks, including Marine Corps cufflinks. *Id* at *¶7. See, Ex. A, Dean Decl.*

### III.     ARGUMENT AND AUTHORITY

**A.     Defendant will not be irreparably harmed.**

Defendant asserts it will suffer irreparable harm if it must produce "invasive business, operational, and legal information…" *ECF No. 35, pg. 5*. This is the same information it initially disclosed it intended to use to support its claims and defenses. *ECF No. 30-1*. To the contrary, Plaintiffs are being harmed without Defendant complying with discovery because their privacy is being invaded and possessory rights to their property that is being invaded. *See Tallmadge v. Aurora Chrysler Plymouth, Inc.,* 25 Wash. App. 90, 605 P.2d 1275 (1979).

**B.     Plaintiffs' Motion to Compel should be Granted**

1.   The Information Requested is Relevant.

Plaintiffs need only demonstrate the discovery is relevant as defined in FRCP 26(b)(1), and, thereafter, it is Defendant's burden to show why it should not be provided. *Wilmuth v. Amazon.com Inc.,* 2025 WL 3039344 at *1. Defendant argues a red-herring regarding the Bank Judgment being a business debt that is not subject to the FDCPA. Defendant's scorched earth collection attempts, however, are wrongful and intended to harass Plaintiffs and when considered in tandem with its wrongful collection efforts to collect the Clearwater Judgment, which is subject to the FDCPA, makes the natural consequence of its FDCPA collection actions to harass, oppress, and abuse Plaintiffs.

Moreover, Defendant's Bank Judgment collection actions are subject to the CPA. In Washington, a debt collection agency licensee who engages in practices prohibited by the

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 4
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

Washington Collection Agency Act (CAA) commits a per se CPA violation. RCW 19.16.440. Unlike the FDCPA, the CAA does not define a "debt" as only a consumer debt; rather it defines debt as any "claim" (consumer or otherwise) for repayment based on an agreement express or implied. RCW 19.16.100(2). Moreover, once a licensee engages in CAA prohibited practices, the debtor need only prove injury to their "*business* or property." RCW 19.86.090. Clearly, business debt is encompassed in the CPA.

**C.    The Domestication Paperwork does not Contain all the Relevant Information.**

Defendant continually tries to focus the Court on bright shiny objects to obfuscate the issue to any defense it has to Plaintiffs' claims. Unquestionably, Defendant has violated the FDCPA by attempting to collect post-judgment attorney fees to which it is not entitled. It is now clear that in September 2025 Defendant domesticated in Washington a 2010 Idaho Judgment that it acquired in 2017 that recognized the parties reserved arguments as to entitlement to attorney fees. Defendant did so after being assigned both the 2010 Idaho Judgment and a Renewed Judgment the same court rendered in 2015, which removed that reservation. Despite the reservation having been removed, Defendant never disclosed the removal to the Washington court and continues to claim attorney fee entitlement pursuant to the removed reservation. Defendant affirmatively attempted to collect $5,000 in post-judgment attorney fees pursuant to the removed reservation when it commenced its first three Writ of Garnishment proceedings *after this action was commenced*.

Despite this flagrant FDCPA violation, Defendant refuses to produce discovery claiming it provided all the relevant information when it domesticated the 2010 Idaho Judgment, which it did not. *ECF No. 28 at 5:11-14.*

**D.    Plaintiff is Acting in Good Faith; Defendant is not.**

First, Defendant's Opposition spends considerable energy attacking the legitimacy of

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 5
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

Plaintiffs' Motion than addressing its legal deficiencies. Defendant argues Plaintiff lacked good faith allegedly by using discovery requests as a "bargaining chip." *ECF No. 35* at 2:10–12; 8:3–5. It is merely gameplay for Defendant to point the finger while their hand is in the cookie jar. The objective record of Defendant's responses to Plaintiffs' Discovery Requests leaves little room for doubt about the lack of good faith; Defendant applied identical language to almost every request.

Second, Plaintiffs' request to stay the State court proceedings was made prior to them propounding discovery and needed no discovery to support the request. Plaintiffs' request the State court stay its decision to commence supplemental proceedings was based on the priority of action doctrine, and this Court was the first Court to obtain in personam jurisdiction over the parties and the identical issues were being raised in these proceedings that would have been the defense to the supplemental proceedings Defendant was asking the State to commence. *See Bunch v. Nationwide Mut Ins. Co.,* 180 Wash. App. 37, 321 P.3d 266 (2014).

2.    Discovery is Temporally Limited

Defendant claims that Plaintiffs' time limitation of January 1, 2017, to present is "far outside the scope of any relevant information that would be in Karma Power's unique possession, custody, and control" since "Karma Power's complained-of domestication of the Clearwater Judgment occurred in 2025." *ECF No. 35* at 8. This is a disdainful claim considering Defendant's 2020 Idaho Motion to Renew Judgment states Defendant acquired the Clearwater Judgment in 2017 – showing that Plaintiffs' time limitation is relevant to its request. *See ECF No. 13, pg. 213-14.* After repeatedly claiming in its objections that the time limit did not exist, Defendant switches its claim to the time limitation being too long. Defendant's perception of a "gotcha" claim is just another attempt at misdirection to avoid accountability.

3.    Tax Returns

Defendant continues to overstate the standard and understate the relevance of the

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 6
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

requested records. Defendant's tax returns are relevant in understanding its operation as a collection agency and how much it collects from judgement debts. The standard for compelling tax returns in *Wilmuth* is (1) relevance and (2) the compelling need because the information cannot be found elsewhere or is not otherwise available. *Wilmuth v. Amazon.com Inc.,* 2025 WL 3039344, at \*1 (W.D. Wash. 2025). The compelling need exists because the information is only obtainable from one source – not relevance, which Plaintiff has repeatedly shown.

4.    Defendant is Required to Provide a Privilege Log for Objections to Discovery

Defendant's Opposition chose to only acknowledge its "lack of a privilege log" when addressing attorney-client privilege. However, Defendant has created a false two-part objection scheme – Defendant states "they would log for privilege if *their other objections* were overruled." [emphasis added] *ECF No*. 35, pg. 8-9. Again, Defendant attempts to waive its discovery responsibilities until they get the Court's attention – first by imposing its own stay and then by putting off its privilege log. Further, Defendant's concession confirms it is withholding documents, while still failing to state specific burdens or costs (e.g., time or price of producing the requests). Federal Rule of Civil Procedure 26(b)(5)(A) does not grant a sequencing approach where a party litigates its non-privileged objections and then, if those fail, produce a privilege log. The obligation of a privilege log arises when documents are withheld.

The Joint Status Report and Discovery Plan states, "Any privilege objection must be made promptly and resolved promptly between the parti[e]s or submitted to the Court for resolution as set forth in this Joint Status Report. The Parties agree that communications between counsel and their clients after this case was filed need not be logged in a privilege log." *ECF No*. 10, pg. 6-7. The agreement between parties specifies attorney-client privilege; it was not an agreement to withhold a privilege log.

**E.    Defendant is Not Entitled to Fees and Costs**

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 7
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

The Motion to Compel should be granted. Even if it is not granted, Plaintiffs have shown that its motion was substantially justified, which is all that is required to avoid attorneys' fees being awarded against them. *See* Fed. R. Civ. P., 37(a)(5)(B)

## IV.    CONCLUSION

Plaintiffs' Motion to Compel should be granted and Defendant should be ordered to pay Plaintiffs' attorney fees and costs pursuant to Fed.R.Civ.P. 37(a)(5)(A).

DATED this 12th Day of June, 2026.

**WESTERN WASHINGTON LAW GROUP, PLLC**

*/s/ Dennis McGlothin*
Dennis McGlothin, WSBA No. 28177
10485 NE 6th Street, #2620
Bellevue, WA 98004
T: (425) 728-7296
Email: docs@westwalaw.com

I certify that this memorandum contains 2078 words, in compliance with the Local Rules

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 8
Case No. 2:26-CV-00691

WESTERN WASHINGTON LAW GROUP, PLLC
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY under penalty of perjury that I am over age 18, competent to be a witness, not an interested party, and that a true and correct copy of the foregoing document was served by CM/ECF electronic notice on all persons receiving notice of this case on this Court's CM/ECF system.

DATED this 12th day of June 2026 at Redmond, Washington.

*/s/Eugene Yum*
Eugene Yum, Legal Assistant
docs@westwalaw.com

PLAINTIFFS' REPLY TO MOTION
TO COMPEL DISCOVERY - 9
Case No. 2:26-CV-00691

**WESTERN WASHINGTON LAW GROUP, PLLC**
10485 NE 6th ST #2620
BELLEVUE, WA 98004
(425) 728-7296 docs@westwalaw.com